**UNPUReadLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-6476**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ROBBIE SUTTLES,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:07-cr-00060-MR-1; 1:12-cv-00177-MR)

_____

Submitted: October 31, 2013     Decided: November 13, 2013

_____

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Robbie Suttles, Appellant Pro Se. Melissa Louise Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Suttles seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2013) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Suttles has not made the requisite showing.

Suttles alternatively requested the district court to grant him relief pursuant to a writ of error coram nobis. "As a remedy of last resort, the writ of error coram nobis is granted only where an error is of the most fundamental character and there exists no other available remedy." United States v.

2

Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotation marks omitted). The remedy is limited, moreover, to those petitioners who are no longer in custody pursuant to their convictions. Id. Because Suttles is currently in custody pursuant to his conviction, we affirm the district court's denial of coram nobis relief.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, dismiss the appeal in part, and affirm in part. We also deny Suttles' motions to appoint counsel but grant his motion for leave to file a supplemental informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3